# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 5748 | **DATE** | 1/12/2011 |
| **CASE TITLE** | Novak vs. Mitchell's Motors, Inc. Et al | | |

**DOCKET ENTRY TEXT**

For these reasons, the Court denies Defendants' Motion for Summary Judgment. Even though the record before the Court indicates Novak's compensation was hourly, not commission-based, Novak failed to file a cross-motion for summary judgment. The Defendants must file a brief by January 25, 2011, elucidating what facts beyond those currently before the Court put in dispute Novak's status as an hourly employee, and therefore require resolution via trial. If Defendants are unable to present facts showing Novak is not entitled to judgment as a matter of law, the Court will grant summary judgment for Novak.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Peter Novak ("Novak") filed suit against his employer, Mitchell's Motors, Inc. ("Mitchell's"), and Mitchell's President, Ernest Wisniewski ("Wisniewski") (collectively "Defendants"), alleging that Defendants owe him unpaid wages and overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"). Defendants move for summary judgment on the grounds that Novak is exempt from the overtime-pay requirements of the FLSA, IMWL, and IWPCA.[1] The Court denies Defendants' motion for summary judgment.

Pursuant to Local Rule 56.1, the following facts are undisputed.[2] Novak worked for Mitchell's as an auto painter "off and on" from April 2007 until March 2009. (Novak 56.1 Resp. Defs. ¶ 2.) Novak would punch in and out of a time clock to document the amount of time worked. (Novak Add. Facts ¶ 1.)[3] Mitchell's paid Novak $15 for each hour of work he performed regardless of the price that Mitchell's would charge to the client or the time it took Novak to complete the job. (Novak 56.1 Resp. Defs. ¶¶ 3, 4, 5.) Further, the $15 per hour rate is not a percentage of the estimated or actual labor charges. (Novak Add. Facts ¶ 3.) Even if Novak worked more than 40 hours a week, Mitchell's still compensated him at $15 per hour; he did not receive overtime pay (i.e., time-and-a-half). (Novak 56.1 Resp. Defs. ¶ 5.) Some weeks Novak would work under 40 hours a week and other weeks he would work more than 40 hours. (Novak 56.1 Resp. Defs. ¶ 6.) Finally, Mitchell's never specifically informed Novak that he was being paid on commission. (Novak Add. Facts ¶ 2.)

Summary judgment is proper if "the pleadings . . . and admissions on file, together with affidavits . . . show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). While all of the evidence is viewed in the light most favorable to the nonmovant, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). The burden for

| STATEMENT |
|---|

establishing an FLSA exemption such as section 207(i) falls upon the defendant employer and are narrowly construed against employer. *Klein v. Rush-Presbyterian- St. Luke's Med. Ctr.*, 990 F.2d 279, 282 (7th Cir. 1993).

This motion for summary judgment comes down to one issue: whether Novak was paid as a commission or hourly employee. Commission employees are exempt under section 207(i) of the FLSA from the requirement that employers compensate hourly employees for overtime hours worked (at least time-and-a-half). *See* 29 U.S.C. § 207(i). While a commission employee cannot recover unpaid overtime compensation owed under the FLSA, IMWL, or IWPCA,[4] an hourly employee can. The FLSA section 207(i) exemption applies to (1) employees who have a regular rate of pay in excess of one-and-a-half times the minimum wage, and (2) more than half of the employee's compensation derives from commissions on goods or services. Only the second element is in dispute because Novak's $15 per hour rate is clearly more than one-and-a-half times the minimum wage.

Section 207(i) does not explicitly define "commission," but in *Yi v. Sterling Collision Centers, Inc.*, 480 F.3d 505 (7th Cir. 2007), the Seventh Circuit laid out the characteristics of a commission-based compensation system. A commission system compensates employees based on sales made or the value of the service performed. *Id.* at 508. Where employees provide services and are paid for a percentage of the "labor component of the price of their service to the customer," it is a commission. *Id.* at 509. *see, e.g., Parker v. Nutrisystem, Inc.*, 620 F.3d 274, 283 (3d Cir. 2010) (commission where compensation is "proportional" to the charges passed on to consumer). Likewise, there is usually not a direct correlation between the number of hours commission employees work and the amount of compensation they receive because in a commission system compensation is "decoupled" from the amount of time actually worked. *Yi*, 480 F.3d at 509.

Defendants fail to present undisputed facts showing Novak was paid on a commission basis. The parties agree that Mitchell's paid Novak $15 per hour of work "regardless of the amount [Mitchell's] charged" to the client for the work. (Novak 56.1 Resp. Defs. ¶¶ 3, 4.) For example, as Defendants concede, Novak was paid the $15 per hour rate whether Defendants charged clients $24 or $48 per hour. (Novak 56.1 Resp. Defs. ¶ 6.) Defendants point to no facts linking the $15 per hour rate to the "value of service performed." *See Yi*, 480 F.3d at 509 (paying employees based on "booked hours," not strictly actual hours, constituted commission); *see, e.g., Alvarado v. Corp. Cleaning Serv., Inc.*, 719 F. Supp. 2d 935, 948 (N.D. Ill. 2010) (denying motion for summary judgment where insufficient "nexus" between employee compensation and amount charged to customers for labor). Nor do Defendants establish with undisputed facts that Novak was not simply compensated for the actual hours worked. Finally, Defendants incorrectly rely on an overly broad interpretation of *Yi*—namely, that compensation systems within the auto-repair industry are, in general, all based on commission and therefore exempt from the FLSA. This deficient reading of *Yi* gives no meaning to the substantive analysis and rules that the Seventh Circuit provides for finding that a compensation system is commission-based and thus this Court rejects it. In sum, Defendants do not carry their burden of showing there is no genuine issue of material fact that Novak was a commission employee.

For these reasons, the Court denies Defendants' Motion for Summary Judgment. Even though the record before the Court indicates Novak's compensation was hourly, not commission-based, Novak failed to file a cross-motion for summary judgment. The Defendants must file a brief by January 25, 2011, elucidating what facts beyond those currently before the Court put in dispute Novak's status as an hourly employee, and therefore require resolution via trial. If Defendants are unable to present facts showing Novak is not entitled to judgment as a matter of law, the Court will grant summary judgment for Novak.

---

1. In Novak's motion opposing Defendants' Motion for Summary Judgment he states, in the last line, that "Plaintiffs [sic] request that Defendants' motion be denied than [sic] that this Court enter an order granting summary judgment for the Plaintiff." (R. 52, Pl.'s Opposition to Defs. Mot. for Summary Judgment.) Novak, however, did

not file a cross-motion for summary judgment with the accompanying 56.1 statement to which Defendants could respond, as Local Rule 56.1 requires. Therefore, the only motion before the Court is Defendants' Motion for Summary Judgment.

2. Throughout this order, the Court refers to the Local Rule 56.1 Statements of Undisputed Material Facts as follows: citations to Novak's Response to Defendants' Statement of Material Facts have been abbreviated to "Novak 56.1 Resp. Defs. ¶ __."; citations to Novak's Statement of Additional Facts have been abbreviated to "Novak Add. Facts ¶ __."

3. Defendants did not file a response to Novak's Statement of Additional Facts. Under Local Rule 56.1, "[i]f additional material facts are submitted by the opposing party [Novak] pursuant to section (b), the moving party [Defendants] may submit a concise reply in the form prescribed in that section for a response. *All material facts set forth in the statement filed pursuant to section (b)(3)(C) will be deemed admitted unless controverted by the statement of the moving party*." L.R. 56.1 (emphasis added). Here, Novak submitted five paragraphs of facts that Defendants did not respond to, so these facts are deemed admitted.

4. A finding that Novak is a commission employee exempt under section 207(i) of the FLSA would apply to the state law claims under the IMWL and IWPCA too. *See* 820 ILCS 105/4a(2)(F).